JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Susan Velasco a/k/a Susan Islas,<br><br>Plaintiff,<br><br>-against-<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant(s). | Case No.:<br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Susan Velasco a/k/a Susan Islas ("Plaintiff"), by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, as and for her Complaint against Defendant Portfolio Recovery Associates, LLC ("PRA"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of

debts" does not require misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws "were inadequate," 15 U.S.C. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5.  Plaintiff brings this action arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.  Plaintiff is a resident of the State of California, County of Los Angeles.

8.  Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address for service c/o its registered agent Corporation

Service Company, doing business in California as CSC – Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

9.  Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. At some time prior to September 28, 2021, Plaintiff allegedly incurred an obligation to Capital One Bank (USA) N.A. ("Capital One").

12. The Capital One obligation allegedly arose out of a transaction in which money, property, insurance, or services, which are the subject of the transaction, and were primarily for personal, family, or household purposes.

13. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Upon information and belief, Defendant PRA purchased this debt once in default.

15. Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation – September 28, 2021*

16. On or about September 28, 2021, Defendant PRA sent the Plaintiff a letter (the "Letter") attempting to collect the alleged debt owed to Capital One. **See Letter attached hereto as Exhibit A.**

17.  The Letter states a balance of $1,091.88.

- 3 -

18. The Letter offers two options regarding the balance: Either pay the full amount or choose a "savings plan" that allows the consumer to pay off the debt for a discounted amount. For example, the letter offers the Plaintiff an option to pay the full balance in 1 payment of $1,091.88 or a "savings plan" of 1 payment of $600.53.

19. Both options also include options to make monthly payments for three, six, or twelve months.

20. Below both offers, the Letter includes a sentence that states: "Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report."

21. The statement that Defendant will request deletion from the credit bureaus upon final payment is not qualified in any way and could imply that this deletion will take place in both scenarios; whether the balance is paid in full or paid for less than the full balance.

22. However, this statement could also easily be read to apply to only one of the offers.

23. For example, it would be reasonable for the least sophisticated consumer to believe that the offer of tradeline deletion would only apply to the offer to pay the balance in full, as an incentive to take that offer.  Without that incentive, Defendant's offer does not seem logical. Why choose to pay the full balance of $1,091.88 when there is an offer to make a payment of $600.53? The only answer would be that paying in full would receive the added benefit of tradeline deletion.

24. If Defendant's statement that they will request a deletion of tradeline is hinged upon selection of only one of the payment options, then the Letter is unclear and misleading for not properly elucidating that fact.

25. Defendant's letter is open to more than one reasonable interpretation, at least one of

which is inaccurate.

26. Plaintiff incurred an informational injury because the Defendant deceptively make an offer for tradeline deletion without properly qualifying and explaining the offer.

27. By failing to properly explain the offer to delete the tradeline related to the account, the Letter is false, deceptive, and misleading.

28. Plaintiff was misled and uncertain as to what was truly being offered in the Letter.

29. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

30. Plaintiff was concerned and uncertain about the contents of the Letter and therefore was unable to evaluate his options of how to handle this alleged debt.

31. A consumer such as Plaintiff cannot be expected to pay the alleged debt pursuant to the terms of a letter, trusting the debt collector such as Defendant, when it appears that the information stated in Defendant's letter was incorrect or otherwise misleading.

32. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, cause a missed opportunity to settle at a discount, to Plaintiff's financial detriment.

33. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

34. Because of this, Plaintiff expended time and money in determining the proper course of action.

35. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

36. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it to be an attempt to collect inaccurate or improper monies.

37. In addition, Plaintiff suffered emotional and physical harm because of Defendant's improper acts including, but not limited to, fear anxiety, stress, increased heartrate, and difficulty with sleep.

38. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

39. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

40. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

41. These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant failed to maintain policies and procedures reasonably adopted to avoid any such violations.

42. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

43. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this alleged debt.

44. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond to handle Defendant's debt collection efforts.

45. Plaintiff was misled and made to be uncertain to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

46. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

47. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendant violated §1692e :

    a.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

    b.  By making a false and misleading representation in violation of §1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

/

/

/

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

54. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

55. Defendant violated this section by omitting material information that gave Plaintiff a false understanding of the offer of tradeline deletion.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Susan Velasco a/k/a Susan Islas demands judgment from Defendant PRA as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);

4.      For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

5.      Awarding Plaintiff injunctive relief by means of suspension of all debt collection activities related to the alleged debt by Defendant against Plaintiff while the instant litigation is pending; and

6.      For such other and further relief, as well as further costs and expenses and disbursements of this action as this Court may deem just and proper.


Dated: September 23, 2022

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By:      /s/ Jonathan A Stieglitz
Jonathan A Stieglitz